UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| STACY HERBERT LAWSON, | ) | | |
| | ) | | |
| *Petitioner*, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:03-CR-156-TRM-CHS-1 |
| | ) | | 1:16-CV-226-TRM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| *Respondent*. | ) | | |

## MEMORANDUM OPINION

Before the Court are Petitioner's pro se petition for a writ of audita querela (Doc. 43) and petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 45). Both seek release from custody based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. The United States responded in opposition on May 3, 2016 (Doc. 44) and July 20, 2016 (Doc. 47). Petitioner did not reply, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court is a pro se request to proceed *in forma pauperis* (Doc. 46). For the reasons below, Petitioner's request for a writ of audita querela and § 2255 petition (Docs. 43, 45) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The pro se motion to proceed *in forma pauperis* (Doc. 46) will be **DENIED as moot**.

I.     BACKGROUND

In 2005, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 31.) Based on three prior Tennessee convictions for armed robbery, one prior Tennessee conviction for first-degree burglary, and one Tennessee conviction for felonious

escape from a penal farm, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence. (Presentence Investigation Report (PSR) ¶¶ 23, 30, 32–35.) In accordance with that designation, this Court sentenced Petitioner to 180 months' imprisonment. (Doc. 31.) Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on February 13, 2006. (Doc. 40.)

In March of 2016, Petitioner filed a petition for a writ of audita querela, contending that he was no longer an armed career criminal in light of the *Johnson* decision. (Doc. 43.) The United States responded in opposition, explaining that the challenge should have been filed under § 2255. (Doc. 44.) Two months later, Petitioner filed the instant petition for collateral relief. (Doc. 45.)

## II.  PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### A.  Timeliness of Petition

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265

2

(U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted the instant petition within subsection (f)(3)'s window.

B.  **Standard of Review**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

C.  **Analysis of *Johnson*-Based ACCA Challenge**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as

3

"any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by

4

employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Binding Sixth Circuit precedent makes clear that all three of Petitioner's prior Tennessee robbery convictions remain violent felonies under the use-of-physical-force clause, *see United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery categorically qualify as violent felonies under the ACCA use-of-physical-force clause).

Because at least three prior convictions remain violent felonies under provisions unaffected by the *Johnson* decision, Petitioner has not established an entitlement to relief. The Court need not address the status of Petitioner's prior convictions for burglary and escape.

### III. PETITION FOR A WRIT OF AUDITA QUERELA

The argument contained in Petitioner's request for release under a writ of audita querela is identical to the one in his § 2255 petition. As such, the former fails for the same reason as the latter—Petitioner remains an armed career criminal after the *Johnson* decision.

### IV. REQUEST TO PROCEED *IN FORMA PAUPERIS*

In addition to the petitions, the Court is in possession of a pro se request for leave to proceed *in forma pauperis*. No such authorization or leave is required; thus, the motion is moot.

### V. CONCLUSION

For the reasons discussed above, Petitioner's request for a writ of audita querela (Doc. 43) and § 2255 petition (Doc. 45) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The request to proceed *in forma pauperis* (Doc. 46) will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on

5

appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**